UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------

UNITED STATES OF AMERICA,

-v-

QUENTIN STARKES,

Defendant.

17 Cr. 610-04 (LGS)

ORDER

------

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on September 26, 2018, Defendant pleaded guilty to Racketeering Conspiracy and Narcotics Conspiracy. On October 31, 2019, the Court found that Defendant had a Total Offense Level of 31 and a Criminal History Category of VI, resulting in an advisory Guidelines range of 188 to 235 months' imprisonment. Defendant was sentenced principally to a below-Guidelines term of imprisonment of 100 months on the racketeering charge and 60 months on the narcotics charge, to run concurrently.

WHEREAS, on February 7, 2024, Defendant filed motions for (1) a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines, which went into effect on November 1, 2023, and applies retroactively, and (2) appointment of counsel.

WHEREAS, on February 27, 2024, the Probation Department issued a Supplemental Presentence Investigation Report ("Supplemental PSR"), which concludes that Defendant appears to be eligible for a status point recalculation under the changes to U.S.S.G. § 4A1.1 but is ineligible for a sentence reduction because his Total Offense Level and Criminal History Category do not change as a result of the recalculation.

WHEREAS, Defendant does not meet the criteria to qualify for a "zero-point offender" offense level reduction pursuant to U.S.S.G. § 4C1.1 because Defendant used violence or credible threats of violence in connection with these offenses, the offenses resulted in serious bodily injury and Defendant possessed a firearm in connection with these offenses. *See* U.S.S.G. § 4C1.1(a)(3), (4), (7).

WHEREAS, Defendant is eligible for a status point recalculation, which results in a one-point lower Criminal History Score pursuant to the recent amendment to U.S.S.G. § 4A1.1(e) because the amendment calls for the addition of one point rather than two points where a defendant has more than seven criminal history points and committed the instant offense while under post-release supervision. *See* U.S.S.G. § 4A1.1(e). Regardless of this change, Defendant remains in Criminal History Category VI, as he was when he was first sentenced. At that time, Defendant met the criteria of a "career offender" under U.S.S.G. § 4B1.1(a). Career offender status, both before and after the recent Guidelines' amendment, necessarily results in a Criminal History Category of VI under U.S.S.G. § 4B1.1(b).[1]

WHEREAS, with an unchanged Offense Level of 31 and an unchanged Criminal History Category of VI, Defendant's Guidelines range of 188 to 235 months is also unchanged. *See* U.S.S.G. § 5A. For these reasons, it is hereby

**ORDERED** that Defendant's motions for a reduction of sentence is **DENIED**. It is further

**ORDERED** that Defendant's motion for the appointment of counsel is **DENIED** as moot.

---

[1] Absent Defendant's career offender status, he would have a recalculated criminal history score of 11 rather than his previous score of 12, but with or without this change, his criminal history category would be V. *See* U.S.S.G. § 5A.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 701 and 703, and to mail a copy of this Order to Defendant at the following address.

        Quentin Starkes (Reg. No. 79698-054)
        USP Atwater
        P.O. BOX 019001
        ATWATER, CA  95301

Dated: September 5, 2024
      New York, New York

                                LORNA G. SCHOFIELD
                            UNITED STATES DISTRICT JUDGE